USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2014

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MDB LLC d/b/a GreenPearl Events, <br><br> Plaintiff, <br><br> v. <br><br> SANDY HUSSAIN, an individual, <br><br> Defendant. | Civil Action No. 14-CV-9281 (VEC) <br><br> **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER** |

Upon the complaint and exhibits annexed thereto, the Declarations of Ryan Slack, Vivian Bakal and Richard Jacobson, the accompanying memorandum of law, there being no prior application for the relief sought herein and good and sufficient reasons having been shown by plaintiff, MDB LLC d/b/a GreenPearl Events ("GreenPearl"), it is hereby

**ORDERED**, that defendant show cause before the Honorable Judge Valerie Caproni at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom 443, on November 24, 2014, at 3:00 p.m., or as soon thereafter as counsel can be heard, why a preliminary injunction should not be issued, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining defendant, her agents, servants, employees, attorneys, affiliates, representatives and all persons, firms and corporations in active concert or privity with them, from:

1. Holding themselves out to any person as having authority to act on behalf of or for the benefit of GreenPearl or the FASHION DIGITAL mark;

2. Communicating to any prior sponsor, speaker or other participant at a FASHION DIGITAL event that defendant is in any way currently affiliated with GreenPearl or the FASHION DIGITAL mark;

3. Inducing or attempting to induce any sponsor, client, customer, supplier or other business relation to terminate his, her or its business relationship with GreenPearl or in any way interfere with the relationship between GreenPearl and any such person in connection with the use of the FASHION DIGITAL mark;

4. Exercising any control over the website www.fashiondigital.com, including without limitation any administrator rights attached to such website;

5. Distributing, selling, offering for sale, advertising, promoting, or being involved in the distribution, sale, offering for sale, advertisement, or promotion of, in the United States, any services in connection with the FASHION DIGITAL trademark;

6. Using any false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake by the trade or the public or to deceive the trade or the public into believing that defendant or her services are related to, affiliated, associated or connected with, or sponsored or approved by GreenPearl or its FASHION DIGITAL mark;

7. Using in connection with the distribution, advertising, promotion, offering for sale or sale of any services, any trademark, service mark, symbol or name which so resembles, copies, imitates or simulates GreenPearl's FASHION DIGITAL trademark as to be likely to cause confusion, mistake or deception;

8. Doing any other act which may, or is intended, designed, or calculated to injure GreenPearl's business reputation or dilute, tarnish or disparage the distinctive quality of GreenPearl's FASHION DIGITAL trademark;

9. Requiring defendant to file with the Court and serve on counsel for GreenPearl within thirty (30) days after entry of such preliminary injunction a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which they have complied with the injunction; and

10. Transferring or causing any of the proceeds from any sale of services sold in connection with the FASHION DIGITAL mark to be transferred to any person; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, *Fed. R. Civ. P.*, defendant, her agents, servants, employees, attorneys, affiliates, representatives and all persons, firms and corporations in active concert or privity with them are hereby restrained from:

1. Holding themselves out to any person as having authority to act on behalf of or for the benefit of GreenPearl or the FASHION DIGITAL mark;

2. ~~Communicating to any prior sponsor, speaker or other participant at a FASHION DIGITAL event that defendant is in any way currently affiliated with GreenPearl or the FASHION DIGITAL mark;~~

3. Inducing or attempting to induce any sponsor, client, customer, supplier or other business relation to terminate his, her or its business relationship with GreenPearl or in any way interfere with the relationship between GreenPearl and any such person in connection with the use of the FASHION DIGITAL mark;

4. Exercising any control over the website www.fashiondigital.com, including without limitation any administrator rights attached to such website; *This is limited to posting items on or removing items from that website.* VC

5. Distributing, selling, offering for sale, advertising, promoting, or being involved in the distribution, sale, offering for sale, advertisement, or promotion of, in the United States, any services in connection with the FASHION DIGITAL trademark;

6. Using any false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake by the trade or the public or to deceive the trade or the public into believing that defendant or her services are related to, affiliated, associated or connected with, or sponsored or approved by GreenPearl or its FASHION DIGITAL mark;

7. Using in connection with the distribution, advertising, promotion, offering for sale or sale of any services, any trademark, service mark, symbol or name which so resembles, copies, imitates or simulates GreenPearl's FASHION DIGITAL trademark as to be likely to cause confusion, mistake or deception;

8. Doing any other act which may, or is intended, designed, or calculated to injure GreenPearl's business reputation or dilute, tarnish or disparage the distinctive quality of GreenPearl's FASHION DIGITAL trademark;

9. ~~Requiring defendant to file with the Court and serve on counsel for GreenPearl within thirty (30) days after entry of such preliminary injunction a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which they have complied with the injunction; and~~ VC

10. Transferring or causing any of the proceeds from any sale of services sold in connection with the FASHION DIGITAL mark to be transferred to any person; and it is further

**ORDERED** that defendants shall immediately turn over to GreenPearl and/or its counsel possession, custody and control over all administrator rights to the website fashiondigital.com; and is allowed to conduct expedited discovery as set forth in GreenPearl's First Request for

Production of Documents annexed to the Declaration of Richard Jacobson, and defendant shall provide written responses within seven days of service hereof; and it is further

~~ORDERED that security in the amount of $_____ be posted by the plaintiff prior to November ____, 2014, at ____ o'clock in the ____ noon of that day; and it is further~~

ORDERED that GreenPearl shall serve a copy of its papers in support of its motion for preliminary injunction by hand or overnight delivery upon counsel for defendant on or before November 22, 2014, defendants shall serve a copy of its responsive papers by hand or overnight delivery or email upon counsel for plaintiff on or before November 24 noon, 2014, ~~and plaintiff shall serve a copy of its reply papers by hand or overnight delivery to counsel for defendant on or before _____, 2014; and it is further~~

ORDERED that personal service upon defendant's counsel Held & Hines of a copy of this Order, together with copies of the papers upon which it is made, the Summons and Complaint in this action on November 22, 2014 prior to 6:00 p.m. shall be deemed good and sufficient notice of this application.

**SO ORDERED:**

_Valerie G_____
United States District Judge
Dated: November 21, 2014 at 6:15 p.m.