```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_3/29/2016___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
MDB LLC d/b/a GreenPearl Events,                              :
                                                             :
                          Plaintiff,                         :
                                                             :                    14-CV-9281 (VEC)
            -against-                                        :
                                                             :                    OPINION & ORDER
SANDY HUSSAIN, an individual,                                :
                                                             :
                          Defendant.                         :
------------------------------------------------------------------ X
SANDY HUSSAIN, an individual,                                :
                                                             :
                   Counterclaim Plaintiff,                   :
                                                             :
            -against-                                        :
                                                             :
MDB LLC d/b/a GreenPearl Events and RYAN SLACK,              :
 an individual,                                              :
                                                             :
                   Counterclaim Defendants.                  :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

　　　　On May 29, 2015, the Court entered Findings of Fact and Conclusions of Law (the

"Decision") finding in favor of Sandy Hussain on Count 1 of her counterclaims and finding

Hussain to be the owner of the FASHION DIGITAL trademark.  Dkt. 73.  On July 27, 2015,

MDB LLC d/b/a GreenPearl Events ("GreenPearl") and Ryan Slack (collectively, the

"GreenPearl Parties") filed a Motion to Dismiss Hussain's remaining counterclaims (the "Motion

to Dismiss").  Dkt. 110.  Also on July 27, 2015, Hussain filed a Motion for Leave to Amend her

counterclaims in order to assert additional claims, many of which had previously been dismissed

without prejudice in a related state court proceeding (the "Motion to Amend").  Dkt. 113.  For

the following reasons, the GreenPearl Parties' Motion to Dismiss is GRANTED IN PART and

DENIED IN PART and Hussain's Motion to Amend is DENIED.

**BACKGROUND**

The Court presumes the parties' knowledge of the facts, which are recited at length in the Court's Decision. Nonetheless, a brief review of the relevant procedural history provides helpful context for the purpose of the pending Motions. On or about November 3, 2014, Hussain filed an action against the GreenPearl Parties in Kings County Supreme Court (the "State Court Action"). Hussain pled 15 causes of action in the State Court Action, none of which is a federal claim: (1) Assault; (2) Battery; (3) Conversion; (4) Intentional and Negligent Infliction of Emotional Distress; (5) Breach of Fiduciary Duty; (6) Breach of Contract; (7) Fraud; (8) Unjust Enrichment; (9) Equitable Estoppel; (10) Quantum Meruit; (11) Constructive Fraud; (12) Accounting; (13) Receiver; (14) Enjoining Defendants Until Lawsuit is Resolved; and (15) Dissolution of Partnership. Mem. in Supp. of Hussain's Mot. to Amend ("Hussain Mem.") ¶ 2.

On November 21, 2014, GreenPearl filed suit in this Court seeking, *inter alia*, a preliminary and permanent injunction enjoining Hussain from using the trademark "FASHION DIGITAL" and asserting claims for, *inter alia*, unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Dkt. 1. On December 15, 2014, Hussain answered, asserted nearly identical counterclaims against the GreenPearl Parties, and further sought an injunction enjoining the GreenPearl Parties from using the "FASHION DIGITAL" and "FD MOBILE" trademarks. Dkt. 21. In addition to her counterclaim for Lanham Act violations (Count 1), Hussain asserted additional counterclaims (collectively, the "Counterclaims") for: Trademark Dilution in Violation of New York General Business Law § 360(1) (Count 2); Unlawful Deceptive Acts and Practices in Violation of New York General Business Law §§ 349 and 350 (Count 3); New York common law Trademark Infringement (Count 4); New York common law Unfair Competition (Count 5); Unjust Enrichment (Count 6); Tortious Interference with Prospective Economic Advantage (Count 7); Use of Name with Intent

2

to Deceive in Violation of General Business Law Article 9-B, § 133 (Count 8); Violations of the

Stored Communications Act ("SCA"), 18 U.S.C. §2701 *et seq.* (Count 9); and Trespass to

Chattels (Count 10). *Id.*

Because the relief sought and the claims and counterclaims asserted by the parties were

substantially similar, after a conference on January 28, 2015, the Court, with the parties' consent,

converted the evidentiary hearing on the parties' respective requests for injunctive relief into a

bench trial on the issue of "which party is entitled to injunctive relief as the rightful owner of the

'FASHION DIGITAL' trademark." Dkt. 43. During the January 28, 2015 conference, the Court

noted that Hussain had requested a jury trial on damages and specifically deferred issues of

damages. Transcript of Conference dated January 28, 2015 5:11-16; *see also* Dkt. 43 ("The

Court acknowledges that Defendant has requested a jury trial on the issue of damages, which, if

necessary, will be set for a later date."). The trial lasted three days, beginning on January 30,

2015 and concluding on February 3, 2015, with the Court hearing testimony from six witnesses

and admitting approximately ninety exhibits, including deposition testimony, into evidence.

After the bench trial, but before the issuance of the Court's Decision, Hussain and the

GreenPearl Parties held separate fashion retail conferences using the FASHION DIGITAL and

related FD MOBILE marks. Hussain's Mem. of Law in Opp. to Plaintiff's Mot. to Dismiss

("Hussain Opp.") at 4. On April 8, 2015, the GreenPearl Parties filed a letter urging the Court to

issue its decision, noting that GreenPearl was suffering "tremendous harm" because Hussain's

competing conferences were creating confusion and dividing GreenPearl's customer base. Dkt.

71. On May 29, 2015, the Court found Hussain to be the owner of the FASHION DIGITAL

mark, and therefore found in her favor on her counterclaim for Lanham Act violations under 15

U.S.C. § 1125(a) (Count 1). Decision at 38. In its Decision, however, the Court specifically

reserved findings on Hussain's remaining counterclaims, the elements of which were not expressly at issue in the trial.  *Id.* at 39.

On June 10, 2015, the Honorable Carolyn E. Demarest, J.S.C., dismissed Hussain's claims in the State Court Action without prejudice "in light of the pending federal litigation in which any remaining issues are expected to be addressed."  Dkt. 81-1.  Judge Demarest's decision to dismiss Hussain's claims was "based upon the [D]ecision" of this Court and her view that Hussain's state law claims could be litigated before the Undersigned in this action.  *Id.*  On July 6, 2015, Hussain filed a notice of appeal in the State Court Action.  Affirmation of Russel E. Adler in Opp. to Hussain's Mot. to Amend, Ex. C (Dkt. 129).  Neither party has reported the outcome of that appeal to the Court.

On June 26, 2015, the parties appeared before the Court for a status conference to discuss, *inter alia*, Hussain's nine pending counterclaims.  During an exchange between the Court and Hussain's counsel, counsel conceded that the Court's Decision had effectively resolved all of Hussain's trademark-based counterclaims (Counts 1, 2, 3, 4, 5, 7 and 8, collectively the "Trademark Counterclaims"), *see* Transcript of Hearing dated June 26, 2015 ("June 2015 Tr.") 73:24-76:10, with the exception of Hussain's purported claim for "damages for trademark infringement," which Hussain wished to reserve.  *Id.* at 66:19-67:1.  While challenging the scope of Hussain's unjust enrichment claim (Count 6), the Court drew no conclusions as to whether it was resolved by the Decision.  *Id.* at 74:16-78:12.  The Court further reserved decision on Hussain's claims for SCA violations (Count 9) and for trespass to chattels (Count 10).  *Id.* at 76:2-5.

On July 27, 2015, Hussain filed a Motion to Amend, seeking to add two new federal claims for alleged violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*,

and seven additional state law counterclaims that had originally been asserted in her State Court

Action.  In particular, Hussain seeks to add state law counterclaims for (1) Conversion; (2)

Breach of Fiduciary Duty; (3) Breach of Contract; (4) Fraud; (5) Equitable Estoppel; (6)

Quantum Meruit; and (7) Constructive Fraud (collectively, the "Proposed Counterclaims").  Dkt.

117.[1]

Since the issuance of the Court's Decision, Hussain has argued, on several occasions, that

the GreenPearl Parties should be found in contempt of the Court's various orders enjoining them

from using or claiming any ongoing affiliation with the FASHION DIGITAL mark.  Dkts. 84,

89, 120.  Following hearings in June and July 2015, the Court found that, despite Slack's

acknowledgement that he could have been more diligent in removing the name "Fashion Digital"

from various non-searchable webpages and domain names in GreenPearl's control, the

GreenPearl Parties' failure to remove the "Fashion Digital" name from its back pages, templates

and domains was an oversight rather than an intentional disregard of the Court's Orders.  *See*

Transcript of Hearing dated July 30, 2015 ("July 2015 Tr.") 151:15-17 ("I have not heard

anything from Mr. Slack today that tells me that this wasn't simply a human accident, and I'm

not going to hold him in contempt for a human accident.");[2] *see also id.* at 151:14.[3]  The Court

---

[1]     Instead of filing her proposed amended counterclaims as an exhibit to her Motion to Amend, Hussain erroneously filed a "First Amended Counterclaim," despite the fact that the Court has not yet granted her leave to do so.  Dkt. 117.

[2]     It should be noted that the first contempt motion focused primarily on the existence of vestiges of "FASHION DIGITAL" on GreenPearl's web pages.  The Court also heard testimony regarding the fact that GreenPearl sent emails and issued a press release stating that Green Pearl had rebranded its FASHION DIGITAL conference as "Intersect Retail."  July 2015 Tr. 19:3-20:6, 37:25-39:6, 135:13-136:25.  The Court made no findings regarding the credibility of Mr. Slack's testimony vis-à-vis those communications.

[3]     The Court credited Slack's testimony that, after learning of the Decision, he endeavored in good faith to timely shut down links to GreenPearl websites that could be accessed through internet searches for "Fashion Digital."  *See* July 2015 Tr. 59:25-60:7; s*ee also id.* 83:3-10 ("I did everything I could do, used what I thought were the methods such . . . searching for deep links through Google to find other pages that weren't even listed, to shut those down as well.  In some cases I went into the content itself and deactivated the content so that even if you had the URL it would say sorry, page not found, and then I shut down the URLs as well.").

further noted that GreenPearl's failure to remove all references to "Fashion Digital" did not result in internet traffic being redirected to GreenPearl's new fashion conference business, "IntersectRetail." *See id.* at 121:16-122:17, 154:1-7.

On February 17, 2016, Hussain filed a letter brief again suggesting that the GreenPearl Parties should be held in contempt, this time with respect to statements made in an Opposition filed by GreenPearl with the U.S. Patent and Trademark Office Trial and Appeal Board (the "TTAB Contempt Motion"). Dkt. 135. In that document filed with TTAB on or around January 27, 2016, GreenPearl argued that Hussain's application to register the FASHION DIGITAL and FD MOBILE trademarks should be denied based on GreenPearl's claim of prior ownership over the marks. Dkt. 135-1. Following a hearing before the Court on the TTAB Contempt Motion on March 8, 2016, the parties filed various submissions addressing GreenPearl's willingness to withdraw its Opposition filed with TTAB and the appropriateness of sanctions in the event the Court finds GreenPearl or Slack in contempt. The Court has not, however, determined whether a finding of contempt or a sanctions award is appropriate, and an evidentiary hearing has been scheduled on those issues for April 12, 2016.

## DISCUSSION

### I.    Motion to Dismiss

The GreenPearl Parties assert that the Court should decide its Motion to Dismiss under Fed. R. Civ. P. 52(c), rather than under Fed. R. Civ. P. 12(b)(6). Rule 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

6

Fed. R. Civ. P. 52(c).  Hussain does not challenge this standard, but that does not mean the Court

must utilize it with respect to the entire motion.  While the Court agrees that factual and legal

questions relevant to Hussain's trademark-related counterclaims were generally subject to

discovery and raised during the trial, the trial was clearly limited to the issue of "which party is

entitled to injunctive relief as the rightful owner of the 'FASHION DIGITAL' trademark."  Dkt.

43.  Because both parties professed to be suffering significant ongoing harm to the mark by the

non-owner's use, they agreed to focus the trial on that narrow issue in order to expedite a

decision.  Therefore, GreenPearl cannot now argue that Hussain has been "fully heard" on all the

issues raised in all of her counterclaims such that she is no longer entitled to any special

inference in her favor as the non-moving party.[4]  *See Macia v. Microsoft Corp.*, 335 F. Supp. 2d

507, 510 (D. Vt. 2004) ("On a motion for judgment on partial findings, the trial judge, as the

final fact finder, reviews all the evidence presented at the time of the motion without

presumptions in favor of either party." (citation omitted)), *aff'd*, 164 F. App'x 17 (2d Cir. 2006).

Because Hussain has not been "fully heard" on all of the issues and elements relevant to her non-

trademark counterclaims, the standard presumption in her favor under Fed. R. Civ. P. 12(b)(6)

applies to those claims.  As to her Trademark Counterclaims, all of the relevant facts were found

as part of the Decision.  As to those claims, the Rule 52(c) standard will be utilized either for or

against her claims.

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[4]    As the Court acknowledged during the June 26, 2015 hearing: "[W]e're sort [of] in an odd procedural
posture. So we had a trial, so we've had a good sense [of the facts].  On the other hand, they weren't trying to prove
up those claims. The trial was clearly limited to who owned the mark.  That was intentional.  That was what we all
agreed to [try]."  June 2015 Tr. 83:23-84:2.

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d

Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).  "Plausibility" is not certainty.  *Iqbal* does not

require the complaint to allege "facts which can have no conceivable other explanation, no

matter how improbable that explanation may be."  *Cohen v. SAC Trading Corp.*, 711 F.3d 353,

360 (2d Cir. 2013).  But "[f]actual allegations must be enough to raise a right to relief above the

speculative level," *Twombly*, 550 U.S. at 555, and "courts 'are not bound to accept as true a legal

conclusion couched as a factual allegation.'"  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986).  In deciding a motion to dismiss, courts must "'accept all factual allegations in the

complaint as true and draw all reasonable inferences in favor of the plaintiff.'"  *Meyer v.

JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (quoting *N.J. Carpenters Health

Fund*, 709 F.3d at 119 (alterations omitted)).

## A.  Hussain's Trademark Claims

Despite Hussain's counsel's oral concession that all of Hussain's Trademark

Counterclaims were "resolved" by the Decision, the Court has yet to articulate precisely how its

prior findings and conclusions resolve Hussain's Trademark Counterclaims.  June 2015 Tr.

73:24-76:10.  The Court therefore addresses each of the Trademark Counterclaims in turn.

### 1.  Federal Unfair Competition/False Advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count 1)

In its Decision, the Court found in favor of Hussain on Count 1 of her counterclaims,

finding that Hussain is the rightful owner of the FASHION DIGITAL mark.  Decision at 38.

The Court did not, however, make any findings regarding damages, as the parties had agreed that

damages would be tried separately.  Dkt. 43.  The Lanham Act generally provides that a

successful plaintiff under the Act shall be entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs of the action." 15 U.S.C. § 1117(a); *see also George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992).  In its Motion to Dismiss, the GreenPearl Parties argue that Hussain is not entitled to recover profits because she cannot demonstrate the required element of willfulness.  GreenPearl Mem. in Supp. Of Mot. To Dismiss ("GreenPearl Mem.") at 15 (citing *Basch Co.*, 968 F.2d at 1537 ("a finding of defendant's willful deceptiveness is a prerequisite for awarding profits.")).  The GreenPearl Parties further argue that Hussain can only recover her own damages upon a showing of "actual confusion or intentional deception."  GreenPearl Mem. at 15 (citing cases).

The Court agrees that the record provides no basis for finding that the GreenPearl Parties acted with "willful deceptiveness" prior to the issuance of the Decision because they reasonably believed they were entitled to use the mark.[5]  Indeed, the Court has already noted that the ownership issue was "a difficult question" and that, prior to the Decision, the GreenPearl Parties "had a reasonable claim on . . . the mark . . . ."  June 2015 Tr. 68:8-16.  Whether the GreenPearl Parties acted with willful deceptiveness after the issuance of the Decision, however (as to the press release and emails announcing that GreenPearl was rebranding Fashion Digital, or as to GreenPearl's filing with the TTBA), remains to be seen.  In any event, because Hussain has not had an opportunity to demonstrate that she is entitled to damages based on a showing of "actual confusion or intentional deception" and because the Court agreed, with the parties' consent, to

---

[5]      The GreenPearl Parties erroneously assert that "[t]he Decision recognizes that GreenPearl had the right to use the mark in connection with e-commerce conferences from 2012 through the date of the Decision."  GreenPearl Mem. at 1.  The Decision does no such thing.  While the Court found that Hussain and GreenPearl lawfully used the mark when they were working together collaboratively, nothing in the Decision suggests that GreenPearl had any legal basis to continue using the FASHION DIGITAL trademark after its business relationship with Hussain dissolved.

reserve the issue of damages until after trial on ownership of the mark, the GreenPearl Parties'

Motion to Dismiss Hussain's claim for trademark-related damages is DENIED.

### 2. Trademark Dilution in Violation of New York General Business Law § 360-l (Count 2)

N.Y. Gen. Bus. Law § 360-l provides that:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name *shall be a ground for injunctive relief* in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

(emphasis added). To succeed on a claim under New York General Business Law section 360-l,

the moving party must prove "(1) that the trademark is truly distinctive or has acquired

secondary meaning; (2) a likelihood of dilution either as a result of blurring or tarnishing; and (3)

predatory intent." *Paco Sport, Ltd. v Paco Rabanne Perfumes*, No. 00-7344, 2000 WL 1721126,

at *7 (2d Cir. 2000) (citing *Deere & Co. v. MTD Products, Inc.*, 41 F.3d 39, 42 (2d Cir. 1994))

(other citation omitted). *But see Deere & Co.*, 41 F.3d at 45-46 (noting that New York courts

have not clearly indicated whether 'a showing of predatory intent is required for, or merely

relevant to, a finding that the anti-dilution statute has been violated.'").

As previously noted, the Court has already found that the GreenPearl Parties did not

willfully infringe the mark prior to the issuance of the Decision, which precludes a finding of

"predatory intent" with respect to that time period. While it is unclear whether predatory intent

is a necessary element of Hussain's trademark dilution claim, even if Hussain established the

required elements, the Court has already granted her the only available relief—an injunction

against the GreenPearl Parties and in favor of her as the owner of the mark. *See All R's*

*Consulting, Inc. v. Pilgrims Pride Corp.*, No. 06 CIV. 3601, 2008 WL 852013, at *15 (S.D.N.Y.

Mar. 28, 2008) (finding that "the sole relief possible on a dilution claim under either federal or

state law is injunctive relief, rather than monetary damages" (quoting *Scholastic, Inc. v. Stouffer*, 124 F. Supp.2d 836, 848 (S.D.N.Y. 2000)).  Because Hussain has already received all the relief she could be entitled to, her trademark dilution claim is dismissed with prejudice as moot.  The GreenPearl Parties' Motion to Dismiss is therefore GRANTED with respect to Count 2 of Hussain's Trademark Counterclaims.

### 3.   Unlawful Deceptive Acts and Practices in Violation of New York General Business Law §§ 349 and 350 (Count 3)

Section 349 of the New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  Section 350 of the New York General Business Law prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 350.  In order to state a claim under Sections 349 and 350, a plaintiff must allege that "(1) the defendant's act, practice or advertisement was consumer-oriented; (2) it was materially deceptive and misleading; and (3) that [the moving party] was injured as a result."  *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 309 F. Supp. 2d 401, 405 (E.D.N.Y. 2004) (citing cases); *see also New World Solutions, Inc. v. NameMedia Inc.*, No. 11-CV-2763(KMK), 2015 WL 8958390, at *25 (S.D.N.Y. Dec. 15, 2015) ("The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349." (quotation and citations omitted)).

Although Sections 349 and 350 are designed to protect consumers, competitors may recover for violations of these Sections if there is "some harm to the public at large."  *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) (citing *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 435 (S.D.N.Y. 2012) (Trademark claims are not cognizable under Sections 349 and 350

unless "there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution" (quotation and citations omitted)); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) ("Claims that arise out of a trademark infringement action, and disputes between competitors where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349." (citations omitted)).

Because Hussain has only alleged harm to herself and the FASHION DIGITAL mark, she has not alleged the required element of public harm. Her claims under Sections 349 and 350 are therefore dismissed with prejudice.[6] The GreenPearl Parties' Motion to Dismiss is GRANTED with respect to Count 3 of Hussain's Trademark Counterclaims.

### 4. New York Common Law Trademark Infringement (Count 4)

"Courts employ substantially similar standards when analyzing claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a); false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under New York common law; and unfair competition under New York common law." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) (citing *Richemont North America, Inc. v. Huang*, No. 12 Civ. 4443(KBF), 2013 WL 5345814, at *5 n.15 (S.D.N.Y. Sept. 24, 2013)). In its Decision, the Court found in favor of Hussain on her counterclaim for false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), holding that (1) Hussain holds a valid trademark that is sufficiently

---

[6]    In her opposition, Hussain argues that GreenPearl's actions have "caused customer confusion and harmed Ms. Hussain's mark and associated goodwill." Hussain's Mem. of Law in Opp. to Plaintiff's Mot. to Dismiss ("Hussain Opp.") at 14. This Court concurs with the vast majority of courts in this District that have held such allegations are inadequate to allege public harm. *See, e.g.*, *Karam Prasad, LLC v. Cache, Inc.*, 2007 WL 2438396, at *2 (S.D.N.Y. Aug. 27, 2007) (finding consumer confusion insufficient as a matter of law to establish harm to the public interest).

distinctive to merit protection; and (2) it is likely that the GreenPearl Parties' use of the mark will cause confusion in the marketplace.  Decision at 38; *see also Virgin Enters., Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) (citation omitted).

Because "the standards for false designation of origin claims under Section 43(a) of the Lanham Act (15 U.S.C. § 1125) are the same as for trademark infringement claims under Section 32 (15 U.S.C. § 1114)," *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) (citation omitted), and the elements of trademark infringement under New York common law "mirror the Lanham Act claims," *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005) (quotations and citations omitted), the Court finds in favor of Hussain on Count 4 of her counterclaims for common law trademark infringement.  As with respect to her Lanham Act false designation claim, Hussain has demonstrated ownership of a protectable mark and likelihood of confusion.  *See Standard & Poor's Corp. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982) ("The heart of a successful claim based upon [both] . . . the Lanham Act . . . and common law trademark infringement . . is the showing of a likelihood of confusion as to the source or sponsorship of defendant's products.").  The GreenPearl Parties' Motion to Dismiss is therefore DENIED with respect to Count 4 of Hussain's Trademark Counterclaims, and judgment is entered in favor of Hussain as to liability, pursuant to Fed. R. Civ. P. 52(c).  As with her Lanham Act claim, damages remain to be tried.

### 5.  New York Common Law Unfair Competition (Count 5)

As noted above, the elements of unfair competition under New York law are largely coextensive with those of § 43(a) of the Lanham Act, which Hussain has already established. *See Lorillard Tobacco Co.*, 378 F. Supp. 2d at 456.  To assert a claim for unfair competition under New York law, however, a plaintiff "must also allege bad faith on the part of the

defendant." *See Pulse Creations, Inc. v. Vesture Grp., Inc.*, No. 15 CIV. 2496(KPF), 2015 WL 9581782, at *6 (S.D.N.Y. Dec. 30, 2015) (citing *Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005)); s*ee also Genesee Brewing Co., Inc. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997) ("The district court was correct that [the moving party's] *state law* claim of unfair competition is not viable without a showing of bad faith." (emphasis in original)).

As pled, Hussain's common law unfair competition claim relies solely upon the GreenPearl Parties' conduct on or before December 15, 2014, when Hussain filed her Counterclaims.  Because the Court has already found that the GreenPearl Parties did not act with wrongful intent prior to the issuance of the Decision, Hussain's common law unfair competition claim based on pre-Decision conduct cannot survive.  Hussain's unfair competition claim under New York law is accordingly dismissed with prejudice as to the GreenPearl Parties' pre-Decision conduct, but without prejudice as to the GreenPearl Parties' post-Decision conduct. The GreenPearl Parties' Motion to Dismiss is accordingly GRANTED with respect to Count 5 of Hussain's Trademark Counterclaims.

### 6.  Tortious Interference with Prospective Economic Advantage (Count 7)

To state a claim for tortious interference with prospective economic advantage under New York law, the moving party must establish "(1) that [she] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (citation omitted).  "[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort.  Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations." *Carvel Corp. v. Noonan*, 3

N.Y.3d 182, 190 (2004). Liability may also lie where the defendant acted through "wrongful means," which the New York Court of Appeals has construed to include "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions," or "extreme and unfair 'economic pressure.'" *Carvel*, 3 N.Y.3d at 191-93 (citing *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 191 (1980) (other citations omitted)). As courts have noted, this is a relatively high standard reflecting the "greater protection [that] is accorded an interest in an existing contract," in contrast with "the less substantive, more speculative interest in a prospective relationship . . . ." *Guard-Life Corp.*, 50 N.Y.2d at 191.

Here, Hussain has alleged that prior to December 15, 2014, the GreenPearl Parties used "dishonest, unfair, improper, and/or wrongful means" to interfere with Hussain's business relationships. *See* Counterclaims ¶¶ 160-61. Again, because the Court has found that the GreenPearl Parties did not act out of malice or with wrongful intent prior to the issuance of the Decision, Hussain's tortious interference claim based on the GreenPearl Parties' pre-Decision conduct cannot survive. Hussain's claim for tortious interference with prospective economic advantage is therefore dismissed with prejudice as to the GreenPearl Parties' pre-Decision conduct, but without prejudice as to the GreenPearl Parties' post-Decision conduct. The GreenPearl Parties' Motion to Dismiss is accordingly GRANTED with respect to Count 7 of Hussain's Trademark Counterclaims.

### 7.   Use of Name with Intent to Deceive in Violation of General Business Law Article 9-B, § 133 (Count 8)

New York General Business Law Section 133 prohibits, *inter alia*, any "person, firm or corporation" from using another corporation's trade name or symbol "with intent to deceive or mislead the public." N.Y. Gen. Bus. L. § 133; *see also S&L Vitamins, Inc. v. Australian Gold, Inc.*, 521 F. Supp. 2d 188, 218 (E.D.N.Y. 2007). As noted above, the Court's finding that the

GreenPearl Parties did not act willfully or with wrongful intent prior to the issuance of the Decision precludes a finding in Hussain's favor with respect to the misconduct alleged in her Counterclaims.  In addition, even if Hussain were able to plead a cause of action under New York General Business Law Section 133 with respect to the GreenPearl Parties' post-Decision conduct, Hussain has already been granted injunctive relief, which is the only available remedy under this statute.[7]  Hussain's claim for use of name with intent to deceive is therefore dismissed with prejudice as moot.  The GreenPearl Parties' Motion to Dismiss is GRANTED with respect to Count 8 of Hussain's Trademark Counterclaims.

### B.  Hussain's Counterclaim for Violations of the SCA (Count 9)

The SCA "aims to prevent hackers from obtaining, altering or destroying certain stored electronic communications."  *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 555 (S.D.N.Y. 2008) (citations omitted).  The Act establishes a cause of action against whomever "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system[.]"  18 U.S.C. § 2701(a); *see also Pure Power Boot Camp*, 587 F. Supp. 2d at 555 ("[A] person violates the SCA

---

[7]        The statute provides:

> Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain such actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.

N.Y. Gen. Bus. Law § 133.

if she accesses an electronic communication service, or obtains an electronic communication while it is still in electronic storage, without authorization.").

Hussain claims that the GreenPearl Parties violated the SCA by "intentionally access[ing] without authorization or exceeding their authorization when they knowingly and intentional [sic] accessed Hussain's private and personal e-mail at sandy@fashiondigitalny.com and emails stored on GoDaddy.com and/or Google servers and preventing Hussain from access [sic] said emails." Counterclaims ¶ 168. Her claim is predicated on allegations that "Slack cancelled [her] access to *her Fashion Digital email address* along with her access to GreenPearl's sales and marketing databases," while continuing to access "her" Fashion Digital email account. Hussain Opp. at 17 (emphasis in original). Hussain fails, however, to reconcile these allegations with the Court's findings that: (1) GreenPearl purchased and registered the domain name "www.FashionDigitalNY.com," Decision at 5, 10; (2) GreenPearl created an email account for Hussain that was tied to the FashionDigitalNY.com domain, *id.* at 10; and (3) GreenPearl controlled access to its sales and marketing databases, *id.* at 19. In short, Hussain fails to allege how the GreenPearl parties could have "exceeded" their authorization or acted "without authorization" in accessing or restricting access to email accounts and databases that they owned and controlled. While Hussain was understandably inconvenienced by her loss of access to such accounts and databases after the dissolution of the parties' business relationship, she cites no case law (nor is the Court aware of any),[8] supporting the notion that the SCA prohibits GreenPearl from controlling access to accounts and databases that it owns.[9] In short, Hussain's

---

[8] For example, Hussain argues, without support, that the GreenPearl Parties have the "burden to prove that Hussain had no legal right to the contents of her Fashion Digital email accounts as well as the sales and marketing databases that contain Hussain's industry contacts. . . ." Hussain Opp. 17. That contention simply has no basis in law.

[9] In order to protect Hussain's rights to the FASHION DIGITAL trademark following its Decision, the Court has nonetheless enjoined the GreenPearl Parties from "accessing, using, or in any way appropriating any

ownership of the mark does not translate into her ownership over accounts and databases that GreenPearl created, maintained and controlled.[10]  Hussain's SCA claim is therefore dismissed with prejudice, and the GreenPearl Parties' Motion to Dismiss is GRANTED with respect to Count 9 of Hussain's Counterclaims.

### C.  Hussain's Counterclaim for Trespass to Chattels (Count 10)

The elements of trespass to chattels under New York law are "(1) intent, (2) physical interference with (3) possession (4) resulting in harm."  *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 258 (S.D.N.Y. 2012) (quotation and citations omitted).  Hussain alleges that the GreenPearl Parties are liable for trespass to chattels because they "intentionally blocked Hussain from accessing her own emails" and "intentionally interfered with [] Hussain's possession of her emails and email account by hijacking and blocking access to the account."  Counterclaims ¶¶ 172, 174.

As described further, *supra*, the Court has already found, based on the evidence introduced at trial, that the GreenPearl Parties created, maintained and controlled the FashionDigitalNY.com email account that is the subject of Hussain's claim.  Because GreenPearl owned and controlled Hussain's FashionDigitalNY.com email account, Hussain cannot prove that she was ever entitled to "possession" of the account; therefore, even if an email account constitutes a "chattel" under New York law, her trespass to chattels claim necessarily fails.  *Cf. DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 283 (S.D.N.Y. 2014) (cause of action for trespass to

---

information, including email contents, email metadata, email header information such as sender, recipient, date and subject data, contained in the sandy@fashiondigitalny.com email account" or any other email account associated with a "Fashion Digital" domain name.  Dkt. 89.

[10]     In contrast, courts in this District have found SCA violations where an employer accesses an employee's non-work-related personal email account without authorization.  *Pure Power Boot Camp*, 587 F. Supp. 2d at 560-61 (distinguishing case where plaintiff had a reasonable expectation that his personal Hotmail account would not be accessed and viewed by the employer from cases holding that employees have no expectation of privacy in e-mails sent from or received and stored on the employer's computers).

chattels lies where defendant "interfered with plaintiff's property" (citing *Sweeney v. Bruckner Plaza Assocs. LP*, No. 23941/00, 21 Misc. 3d 1129(A), 2004 WL 5644706, at *4 (N.Y. Sup. Ct. July 12, 2004) (other citations omitted))).  Hussain's claim for trespass to chattels is therefore dismissed with prejudice, and the GreenPearl Parties' Motion to Dismiss is GRANTED with respect to Count 10 of Hussain's Counterclaims.

### D.  Hussain's Counterclaim for Unjust Enrichment (Count 6)

A plaintiff seeking damages on an unjust enrichment claim under New York law must allege that "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution."  *CBS Broad. Inc. v. Jones*, 460 F. Supp. 2d 500, 505 (S.D.N.Y. 2006) (citations omitted).  Hussain asserts that the GreenPearl Parties have been unjustly enriched at her expense because GreenPearl profited from clients who, but for GreenPearl's wrongful acts, would have obtained fashion retail conference services from Hussain.  Counterclaims ¶ 156.  In her Proposed Counterclaims, Hussain alleges that the GreenPearl Parties "generate[d] business and generate[d] millions of dollars of revenue at the expense of [Hussain's] hardwork, goodwill, and efforts."  Proposed Counterclaims ¶ 209.

The GreenPearl Parties argue that Hussain's unjust enrichment claim must fail because "the parties had valid written agreements covering the subject matter of payments."  GreenPearl Mem. at 11 (citing *Howe v. Bank of N.Y. Mellon*, 783 F. Supp. 2d 466, 485 (S.D.N.Y. 2011) ("The existence of a valid, written agreement precludes recovery for unjust enrichment for events arising out of the same subject matter.")).  This argument is, however, far from airtight.  While the Court found that the parties signed and viewed themselves as bound by the March 2012 Agreement (as defined in the Decision), the parties' relationship later "morphed into an informal partnership or joint collaboration between Hussain and GreenPearl."  Decision at 28.  In

19

particular, the Court found that later in 2012 "Slack, ostensibly acting on behalf of GreenPearl, and Hussain orally agreed to modify the terms of the March 2012 Agreement to increase Hussain's share of profits to 50%." *Id.* at 28-29.  In March 2013, Slack offered, and Hussain accepted, in writing, an agreement pursuant to which Hussain would receive the balance of her 50% share of profits from the 2012 Fashion Digital New York ("FDNY") conference plus 5% of gross profits for FDNY conferences and 2.5% of profits from any other Fashion Digital conferences for the next three years.  *Id.* at 29.  In 2014, GreenPearl began to pay Hussain "roughly in accordance with the unsigned 2014 Digital Division Proposal" (as defined in the Decision), which established an entirely new compensation scheme.  *Id.* at 17-18, 29.  The Court further noted in its Decision that GreenPearl paid Hussain's invoices for March through July, but not for August or September 2014.  *Id.* at 18.  Granting all inferences in Hussain's favor, the Court finds that there was no "valid, written agreement" covering Hussain's compensation from, at the very least, the period from January 2014 through the dissolution of the parties' business relationship in late October 2014.  The GreenPearl Parties' Motion to Dismiss is therefore DENIED with respect to Hussain's counterclaim for unjust enrichment.

Nevertheless, for the reasons articulated below, the Court finds that, like her Proposed Counterclaims, supplemental jurisdiction over Hussain's unjust enrichment claim is lacking. Hussain's unjust enrichment counterclaim is therefore dismissed without prejudice.

## II.   Motion to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007))

(other citation omitted).  Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Hussain seeks leave to amend her Counterclaims to add federal claims for alleged violations of the ACPA and CFAA and seven additional state law counterclaims.  Hussain's Motion to Amend is denied with respect to her proposed federal claims because the Court finds that such an amendment would be futile.  Her Motion to Amend is further denied with respect to her state law claims, over which the Court lacks subject matter jurisdiction.

### A.  Hussain's ACPA Claim

The Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), "creates a right of action against a person or entity that registers an internet domain name in bad faith, using someone else's protected mark." *NYP Holdings v. New York Post Pub. Inc.*, 63 F. Supp. 3d 328, 338 (S.D.N.Y. 2014) (quoting *Mrs. U.S. Nat. Pageant, Inc. v. Miss U.S. Org., LLC*, 875 F. Supp. 2d 211, 232 (W.D.N.Y. 2012)).  To prove an ACPA claim, a plaintiff must establish that: "(1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to plaintiff's mark; and (3) the infringer has a bad faith intent to profit from that mark." *Webadviso v. Bank of Am. Corp.*, 448 F. App'x 95, 97 (2d Cir. 2011) (citing 15 U.S.C. § 1125(d)(1)(a)); *see also Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 497-99 (2d Cir. 2000).  Pursuant to 15 U.S.C. § 1125(d)(1)(C), "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."  15 U.S.C. § 1125(d)(1)(C).

Hussain alleges that the GreenPearl parties violated the ACPA by registering at least ten domain names that are confusingly similar to Hussain's FASHION DIGITAL mark with the intent of misdirecting and diverting Hussain's clients to GreenPearl's websites and business. Proposed Counterclaims ¶¶ 235, 239, 242.  The GreenPearl Parties do not dispute that the

FASHION DIGITAL mark was distinctive when the domain names in question were registered or that the domain names are confusingly similar to the FASHION DIGITAL mark.  Mem. in Opp. to Hussain's Mot. to Amend. ("Opp. to Mot. to Amend") at 15.  The only disputed issue is whether, at the time of registration, the GreenPearl Parties acted with a "bad faith intent to profit from that mark."  15 U.S.C. § 1125(d)(1)(A)(i).

The Court has already found that, prior to the dissolution of the parties' business relationship, Hussain and the GreenPearl Parties were running the FASHION DIGITAL business through an informal partnership or collaboration.  Decision at 25.  Because the parties were working cooperatively to strengthen the mark, there can be no colorable argument that the GreenPearl Parties registered FASHION DIGITAL-related domains in bad faith during this period.  To the extent Hussain's claim is predicated on the GreenPearl Parties' registration of FASHION DIGITAL-related domains after the dissolution of the parties' business relationship, the Court has already found that the GreenPearl Parties had a reasonable basis to believe that they owned the mark prior to the issuance of the Decision, which precludes a finding that they acted with wrongful intent in registering the domains.[11]

Hussain's ACPA claim is therefore futile because she cannot plausibly demonstrate that the GreenPearl Parties registered any such domain names with a "bad faith intent to profit from that mark."  15 U.S.C. § 1125(d)(1)(A)(i).[12]  Furthermore, Hussain does not deny that the

---

[11]      Notably, Hussain has not argued that the GreenPearl Parties registered the domain names at issue *after* the entry of the Court's Decision or related Orders enjoining the GreenPearl Parties from using or claiming any ongoing affiliation with the FASHION DIGITAL mark.  *See* Dkts. 84, 89, 120.

[12]      The Second Circuit has "expressly note[d] that 'bad faith intent to profit' are terms of art in the ACPA and hence should not necessarily be equated with 'bad faith' in other contexts."  *Sporty's Farm L.L.C.*, 202 F.3d at 499.  Having considered the nine statutory factors to be evaluated in determining intent, 15 U.S.C. § 1125(d)(1)(B)(i), the Court nevertheless finds that the GreenPearl Parties did not act with a "bad faith intent to profit from that mark," as defined under the ACPA, at the time of registration.

challenged sites have now been effectively blocked or taken down and that the GreenPearl

Parties have "voluntarily agreed" to convey the relevant domain names to Hussain.  Opp. to Mot.

to Amend at 15.  To the extent that the GreenPearl Parties have not actually transferred the

domains in question, the GreenPearl Parties shall transfer the challenged domain names, and any

other confusingly similar domain names in the GreenPearl Parties' possession, to Hussain no

later than April 29, 2016.  Because her ACPA claim is futile and moot, Hussain's Motion to

Amend is denied with respect to that claim.

###### B.  Hussain's CFAA Claim

The CFAA, 18 U.S.C. § 1030 *et seq*., is a criminal statute that provides, among other

things, that "[w]hoever . . . knowingly and with intent to defraud, accesses a protected computer

without authorization, or exceeds authorized access, and by means of such conduct furthers the

intended fraud and obtains anything of value . . . shall be punished as provided in subsection (c)

of this section."  *Schaeffer v. Kessler*, No. 12 CIV. 8576(PKC), 2013 WL 1155587, at *5

(S.D.N.Y. Mar. 20, 2013) (citing 18 U.S.C. § 1030(a)(4)); *see also Nexans Wires S.A. v. Sark-*

*USA, Inc.*, 166 F. App'x 559, 561-62 (2d Cir. 2006) ("The CFAA penalizes, *inter alia*,

unauthorized access to protected computers with intent to defraud or cause damage." (citations

omitted)).  As to certain provisions, Congress has also established a private cause of action to

"[a]ny person who suffers damage or loss" as a result of a violation thereunder.  *See* 18 U.S.C.

§ 1030(g).

In her Proposed Counterclaims, Hussain alleges that the GreenPearl Parties violated the

CFAA by accessing and restricting Hussain's access to her "personal" fashiondigitalny.com

email account, sales databases and records without her consent or authorization.  Proposed

Counterclaims ¶¶ 253, 256, 258, 261.  Because the Court has already found that GreenPearl

registered, maintained and controlled such accounts and databases, Hussain cannot plausibly

allege that the GreenPearl Parties exceeded their authorization or acted without authorization in accessing and restricting her access to such tools, or that they did so with fraudulent intent.  For the same reasons as those cited by the Court in dismissing Hussain's SCA and trespass to chattels claims, the Court finds that Hussain's CFAA claim is futile.  Accordingly, her Motion to Amend to add this claim is denied.

### C.  Hussain's Proposed State Law Counterclaims

Each of Hussain's seven proposed state law counterclaims, as well has her previously stated unjust enrichment counterclaim, relates to the financial relationship between Hussain and the GreenPearl Parties during the course of their informal business partnership.  *See, e.g.*, Proposed Counterclaim 13 ¶¶ 272-74 (the GreenPearl Parties failed to deposit Fashion Digital profits into a segregated account and failed to distribute to Hussain her 50% share of Fashion Digital profits); Proposed Counterclaim 14 ¶¶ 280-85 (the GreenPearl Parties breached their fiduciary duty by failing to give Hussain financial records or pay her 50% of GreenPearl profits); Proposed Counterclaim 15 ¶¶ 289-96 (the GreenPearl Parties breached their contract with Hussain by failing to give her 50% of the profits from the 2013 and 2014 Fashion Digital conferences); Proposed Counterclaim 16 ¶¶ 302-310 (the GreenPearl Parties defrauded Hussain by misrepresenting that the parties would be "50-50 partners" with the intent of inducing her to work on the 2013 and 2014 Fashion Digital conferences without being paid); Proposed Counterclaim 17 ¶ 318 (the GreenPearl Parties should be "equitably estopped from non-payment of the outstanding profits of Fashion Digital"); Proposed Counterclaim 18 ¶ 326 (Hussain is entitled to quantum meruit for her time and work performed on behalf of Fashion Digital); Proposed Counterclaim 19 ¶¶ 327-39 (the GreenPearl Parties are liable for constructive fraud for making material misrepresentations relative to Hussain's status as an "equal partner" while the parties were in a fiduciary relationship).

Because these claims do not arise from the "same 'common nucleus of operative fact[s]'" as Hussain's trademark damage claim (her only remaining federal claim), the Court declines to exercise supplemental jurisdiction over them. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). In determining whether to exercise supplemental jurisdiction, courts "have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alterations in original) (quoting *Lyndonville Sav. Bank*, 211 F.3d at 704). Supplemental jurisdiction is lacking "when the federal and state claims rest[] on essentially unrelated facts." *Lyndonville Sav. Bank*, 211 F.3d at 704. Here, Hussain's sole federal claim hinges upon whether she suffered any compensable damages following the dissolution of the parties' business relationship by virtue of GreenPearl's use of the FASHION DIGITAL mark.[13] In contrast, her proposed state law counterclaims are based on the parties' agreements and negotiations regarding compensation and profit-sharing prior to dissolution. Because Hussain's proposed state law counterclaims and her federal damages claim arise out of "essentially unrelated facts," subject matter jurisdiction is lacking over her state law claims. *Lyndonville Sav. Bank*, 211 F.3d at 700-01; *see also* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Because the Court lacks supplemental jurisdiction over Hussain's proposed state law counterclaims, her Motion to Amend is denied as futile with respect to such claims.

---

[13]     The parties have yet to address the impact of the Court's Decision on Hussain's remaining trademark claims regarding the FD MOBILE mark.

## CONCLUSION

For the foregoing reasons, Hussain's Motion to Amend is DENIED in its entirety.  The GreenPearl Parties' Motion to Dismiss is GRANTED with respect to Counts 2, 3, 5, 7, 8, 9 and 10 of Hussain's Counterclaims.  Because the Court finds that Counts 2, 3, 8, 9 and 10 are futile after reviewing Hussain's Proposed Counterclaims and the extensive evidentiary record, those claims are dismissed with prejudice, and any request for leave to amend is denied.  Counts 5 and 7 of Hussain's Counterclaims are dismissed with prejudice as to the GreenPearl Parties' pre-Decision conduct, but without prejudice as to the GreenPearl Parties' post-Decision conduct.  The GreenPearl Parties' Motion to Dismiss is DENIED, however, with respect to Counts 1, 4 and 6 of Hussain's Counterclaims.  Count 6 of Hussain's Counterclaims (unjust enrichment) is nonetheless dismissed without prejudice for lack of subject matter jurisdiction.

To the extent that the GreenPearl Parties have not yet transferred the challenged website domains, the GreenPearl Parties are hereby directed to transfer the challenged website domains, and any other confusingly similar domain names in the GreenPearl Parties' possession, to Hussain no later than April 29, 2016.[14]

The parties are hereby directed to appear for a status conference on Friday, April 22, 2016 at 10:00 a.m. to discuss discovery and trial for the outstanding question of damages on Counts 1 and 4 of Hussain's Counterclaims.  The Clerk of the Court is respectfully requested to close the open motions at docket entries 110 and 113.

**SO ORDERED.**

**Date:  March 29, 2016**                                    **VALERIE CAPRONI**
**New York, New York**                                      **United States District Judge**

---

[14]    As stated in Hussain's Proposed Counterclaims, these include, at a minimum: www.fashiondigitalny.com, www.lafashiondigital.com, www.fashiondigitaluk.com, www.fashdig.com, www.fashiondigital.info, www.fashiondigital.us, www.fashiondigital.la, www.fashiondigital.co, www.fashiondigital.mobi, and www.fash-tail.com.  Proposed Counterclaims ¶ 235.