```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: 4/15/2016
------------------------------------------------------------- X
MDB LLC d/b/a GreenPearl Events,                           :
                                                           :
                                     Plaintiff,            :
                                                           :   14-CV-9281 (VEC)
                    -against-                              :
                                                           :   ORDER
                                                           :
SANDY HUSSAIN, an individual,                              :
                                                           :
                                     Defendant.            :
------------------------------------------------------------- X
SANDY HUSSAIN, an individual,                              :
                                                           :
                                     Counterclaim Plaintiff, :
                                                           :
                    -against-                              :
                                                           :
MDB LLC d/b/a GreenPearl Events and RYAN SLACK,            :
an individual,                                             :
                                                           :
                                     Counterclaim Defendants. :
------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Counterclaim Plaintiff Sandy Hussain ("Hussain") has moved for a finding of civil contempt against her adversaries, Ryan Slack ("Slack") and MDB LLC d/b/a GreenPearl Events ("GreenPearl," and together with Slack the "GreenPearl Parties"). For the reasons stated below, the Court now finds GreenPearl to be in contempt of the Court's Permanent Injunction.

## BACKGROUND

Following the Court's issuance of Findings of Fact & Conclusions of Law and a preliminary injunction (the "Decision") in favor of Hussain, Dkt. 73, Hussain presented evidence at a hearing dated June 26, 2015, arguing that the GreenPearl Parties had violated the Court's preliminary injunction by, *inter alia*, continuing to use the "FASHION DIGITAL" mark in various GreenPearl websites and domain names after the issuance of the Court's Decision. On

June 29, 2015, the Court entered a Permanent Injunction enjoining the GreenPearl Parties from, *inter alia*:

> doing anything or making any statement or representation that would lead the public in general, or an actual or potential conference participant, speaker or sponsor, in particular, to believe that GreenPearl or Slack has any current or ongoing relationship or affiliation, directly or indirectly, with Hussain or with any products or services offered under the FASHION DIGITAL Marks, including any representation that GreenPearl or Slack has rebranded FASHION DIGITAL under a new trademark or name[.]

Dkt. 84. On July 17, 2015, Hussain filed an application by Order to Show Cause why the GreenPearl Parties should not be held in contempt for violating the Permanent Injunction for continuing to use the FASHION DIGITAL mark in its email accounts, websites and domain names and for suggesting that it had rebranded FASHION DIGITAL under a new name. Dkt. 104. Following a hearing on July 30, 2015, the Court found that although the GreenPearl Parties could have exercised more diligence in complying with the Court's Orders, a finding of contempt was not warranted. Transcript of Hearing dated July 30, 2015 at 132, 144, 151. Dkt. 121.

On February 16, 2016, Hussain filed a letter brief, which the Court construed as a renewed motion to hold the GreenPearl parties in contempt, this time based on statements made in GreenPearl's Opposition filed with the U.S. Patent and Trademark Office Trial and Appeal Board ("TTAB") on January 27, 2016 (the "Contempt Motion"). Dkt. 135. Counsel for the parties appeared before the Court for an initial hearing on the Contempt Motion on March 8, 2016. Following the March 8, 2016 hearing, the parties filed various submissions with the Court addressing, *inter alia*, GreenPearl's willingness to withdraw its Opposition from the TTAB in light of potential sanctions by the Court, and Hussain's unwillingness to consent to GreenPearl's offer to withdraw the Opposition without prejudice. Dkts. 148-50. On March 28, 2016, the Court ordered "all parties" to appear for an evidentiary hearing on April 12, 2016, with respect to

the Contempt Motion, including sanctions as appropriate. Dkt. 151. The next day, on March 29, 2016, GreenPearl withdrew its Opposition from the TTAB with prejudice. Dkt. 156. Hussain, her counsel, and counsel for the GreenPearl Parties appeared, along with GreenPearl's proffered trademark expert, Joseph Gioconda, Esq., but neither Slack nor a corporate representative of GreenPearl appeared for the April 12, 2016 evidentiary hearing.

## DISCUSSION

A court may hold a party in civil contempt for failure to comply with a court order if: "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (quoting *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) (internal quotation marks omitted)). "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *S. New England Tel. Co.*, 624 F.3d at 145 (citing *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks omitted)).

Here, the Permanent Injunction clearly and unambiguously enjoins the GreenPearl Parties from "doing *anything* or making *any* statement . . . that would lead the public in general, or an actual or potential conference participant, speaker or sponsor, in particular, to believe that GreenPearl or Slack has any *current* or *ongoing* relationship . . . with any products or services offered under the FASHION DIGITAL Marks." Dkt. 84 (emphasis added). GreenPearl's counsel argues that this language was included in the Permanent Injunction because of concerns regarding statements made by GreenPearl that it had "rebranded" FASHION DIGITAL and, therefore, the Permanent Injunction should only apply to statements regarding "rebranding." GreenPearl is correct that its post-preliminary injunction statements regarding "rebranding" were

part of the reason this language was included, but that was not the only issue that motivated it. Moreover, regardless of why the paragraph was included, the Permanent Injunction was not limited to statements regarding rebranding. The language of the Permanent Injunction is broad and clear on its face.

Second, the Court finds that GreenPearl clearly violated the Permanent Injunction by making statements in its publicly-filed TTAB Opposition that would lead the public, or a potential FASHION DIGITAL sponsor, for example, to believe that GreenPearl and Slack have an ongoing interest in FASHION DIGITAL conferences and in the FASHION DIGITAL mark itself. For example, in its TTAB Opposition, GreenPearl states:

- "Beginning in 2012, [GreenPearl] continuously used the FASHION DIGITAL Mark to identify and distinguish its services from those of others." Opposition ¶ 14.

- "As a result of [GreenPearl]'s use of the FASHION DIGITAL Mark, [GreenPearl] and the FASHION DIGITAL Mark have become known to the public as identifying and distinguishing the [brand as being] exclusively from, or authorized by, [GreenPearl]. *Id.* ¶ 31.

- "[GreenPearl]'s rights in the FASHION DIGITAL Mark were established long prior to any date on which [Hussain] may rely." *Id.* ¶ 60.

- "The opposed marks are substantially similar to [GreenPearl]'s FASHION DIGITAL Mark, for which [GreenPearl] has long and prior use." *Id.* ¶ 61.

- "Confusion among consumers, prospective purchasers, persons in the trade, the public and [GreenPearl]'s own customers has and is likely to occur because the services listed in Applicant's opposed applications are virtually identical to the services that [GreenPearl] offers under the FASHION DIGITAL Mark." *Id.* ¶ 63.[1]

There is no dispute that TTAB filings are a matter of public record,[2] nor is there any doubt that these statements would lead a reasonable reader to believe that GreenPearl has a current and

---

[1] GreenPearl's TTAB Opposition includes additional statements in violation of the Court's permanent injunction as well. *See, e.g.*, Opposition ¶¶ 3, 7, 19, 49, 50, 64, 66, 67, 69, 95.

[2] Although GreenPearl's trademark expert testified that the TTAB's website is very complicated, poorly organized and extremely difficult even for him (a trademark expert) to navigate, his credibility was undermined

ongoing relationship or affiliation with products and services offered under the FASHION DIGITAL Mark.  The evidence of GreenPearl's non-compliance with the Permanent Injunction is therefore clear and convincing.

Third, the Court finds that GreenPearl was not reasonably diligent in attempting to comply with the Permanent Injunction.  GreenPearl argues that it filed its TTAB Opposition in order to preserve its statutory rights, which should not serve as the basis for a finding of contempt.  Dkt. 136.  As the Court has made clear, however, it is not GreenPearl's act of filing the Opposition that was contemptuous, but rather GreenPearl's statements in the Opposition that create the distinct impression—in direct contravention of the Permanent Injunction—that GreenPearl has a current and ongoing relationship with FASHION DIGITAL.  As GreenPearl's expert noted, there are other ways that GreenPearl could have written its Opposition that would not have run afoul of the Court's Permanent Injunction.  While GreenPearl did attach the Court's Decision to its TTAB Opposition, it did not attach the Permanent Injunction.  It also did not make clear that it is permanently enjoined from using the mark in any way.  If GreenPearl really believed it was important to oppose Hussain's registration, it could have easily made clear to the TTAB that it has no current or ongoing relationship to the FASHION DIGITAL mark, but that it believes it has standing to oppose registration based on a good faith belief that it will succeed on appeal in gaining rights to the mark.  In that way, it could have protected whatever rights it thinks it might eventually obtain in the mark while still obeying this Court's Permanent Injunction.  GreenPearl could have also sought guidance from the Court or requested that the Court's Permanent Injunction be modified to exclude statements made to the TTAB.  In sum,

---

when the Court's staff was able to quickly locate GreenPearl's filing through a simple internet search—something a potential sponsor might well do prior to committing finances to FASHION DIGITAL, particularly given the history of the parties' dispute over ownership of the mark.

GreenPearl could have proceeded in a variety of different ways without violating the Court's orders, but instead it chose to disregard the Court's orders, resulting in the expenditure of considerable time and money for Hussain and her lawyers, and a waste of judicial resources. Because GreenPearl clearly violated the Court's unambiguous Permanent Injunction, without exercising reasonable diligence in attempting to comply, and for the other reasons stated on the record, the Court finds GreenPearl to be in civil contempt.[3]

Briefing on the appropriate sanctions shall be held in abeyance pending the Court's decision on Hussain's counsel's request to withdraw.  Hussain, her current counsel, including Mr. Held, and her potential new counsel, Mr. Eric Seiff, shall appear before the Court for a hearing regarding Hussain's representation on Friday, **April 15, 2016 at 1:00 p.m.**

**SO ORDERED.**

**Date:  April 15, 2016**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[3] Although GreenPearl's counsel's attempted to testify as to the GreenPearl Parties' "good faith" in filing the Opposition, no admissible evidence was presented (given the GreenPearl Parties' absence from the hearing) of their good faith.  The Court further notes that, while it informed GreenPearl's counsel that it intended to draw an "adverse inference" from the GreenPearl Parties' absence at the April 12, 2016 hearing, it was not necessary to draw any inference to decide the Contempt Motion.  Even if the GreenPearl Parties testified that they subjectively believed they were acting in accordance with the Court's orders, willfulness is not required for a finding of contempt, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citation omitted), and even if it were, a finding of willfulness does not hinge upon the contemnor's subjective state of mind.  Rather, contempt is "willful" when the contemnor had actual notice of the order, could have complied, did not seek modification, and did not make a good-faith effort to comply.  *See, e.g.*, *Bear U.S.A., Inc. v. Kim*, 71 F. Supp. 2d 237, 249 (S.D.N.Y. 1999), *aff'd*, 216 F.3d 1071 (2d Cir. 2000), and *aff'd sub nom. Bear U.S.A., Inc. v. Bing Chuan Grp. U.S.A., Corp.*, 216 F.3d 1071 (2d Cir. 2000) (citation omitted).  GreenPearl's statements made in the TTAB Opposition, without any reference to the Permanent Injunction and without any modification to the Permanent Injunction, are therefore sufficient evidence of GreenPearl's willfulness.  To clarify the record, the Court does not, however, find Slack personally to be in contempt of the Court's orders because he was not a party or signatory to the TTAB Opposition.